# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings<br>Under Chapter 13 |
| DAVID C. ALTMEYER | Case No. 10-60275 |
| Debtor(s). | |

## OPINION

THIS MATTER is before the Court on the debtor's Motion to Sell Real Property Free and Clear of Liens and creditor USAA Federal Savings Bank's ("USAA") objection thereto.

## FACTS

Debtor David Altmeyer is the owner of numerous parcels of real estate, including a commercial building and lot located at 205-207 West Jackson Avenue, Casey, Illinois ("Property"). In addition to a first mortgage in favor of Regions Bank, N.A. ("Regions"), the property is encumbered by real estate tax liens in favor of Clark County, Illinois and a second mortgage in favor of USAA.

On May 17, 2010, the debtor filed a petition under Chapter 13 of the Bankruptcy Code. His Chapter 13 Plan, which was confirmed on August 17, 2010, provides for surrender of the property to Regions. Despite this, however, the debtor now moves to sell the property free and clear of liens pursuant to 11 U.S.C. § 363(f). At hearing on July 23, 2014, debtor's counsel represented to the Court that due to the property's condition, Regions has refused to accept possession of it. While the debtor has procured a buyer who has offered to purchase the property for $7,000.00, the proposed purchase price is substantially less than the value of the liens against

1

the property.[1]  In order to facilitate the sale, the debtor requests that he be permitted to sell the property free and clear of all liens, including USAA's second mortgage.

USAA filed a response in which it raised two objections to the proposed sale: (1) that the fair market value of the property exceeds the $7,000.00 proposed sale price; and (2) that pursuant to 11 U.S.C. § 363(f), the debtor cannot sell the property free and clear of USAA's lien due to USAA's "refusal to provide consent as required under the statute." *See* Doc. #83 at ¶ 5. Additionally, at hearing, USAA's counsel also asserted that because the debtor is essentially attempting to "strip off" USAA's junior mortgage through a proposed sale, he should be required to file an adversary proceeding.  The Court need not address these arguments, however, as it no longer has jurisdiction over the property.

## ANALYSIS

Pursuant to Section 363(f) of the Bankruptcy Code, the trustee[2] may sell property free and clear of an interest of an entity other than the estate if at least one of the following requirements is satisfied:

> (1)  applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2)  such entity consents;
> (3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4)  such interest is in bona fide dispute; or
> (5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

---

[1] Regions Bank has filed a secured claim in this case in the amount of $80,627.76 (Claim #18-1) and USAA has filed a secured claim in the amount of $10,851.47.  Further, the debtor's Schedule D indicates that at the time of filing in 2010, there were unpaid real estate taxes totaling $2,314.00 on the property.

[2] Although § 363(f) references the "trustee," the power to sell property free and clear of liens under this section is extended to Chapter 13 debtors by 11 U.S.C. § 1303.

11 U.S.C. § 363(f). Section 363(f) is phrased in the disjunctive, meaning that the Court may authorize a sale free and clear of an interest if *any* of the above-referenced conditions are satisfied. 3 COLLIER ON BANKRUPTCY ¶ 363.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). *See also In re Terrace Chalet Apartments, Ltd.*, 159 B.R. 821 (N.D. Ill. 1993); *In re Takeout Taxi Holdings, Inc.*, 307 B.R. 525 (Bankr. E.D. Va. 2004).

In addition to these restrictions, there are other limitations on the Court's ability to authorize a sale under § 363(f). "Most important[ly], the court may not authorize a sale free and clear of property that is not property of the estate. . . . *A court may not authorize a sale free and clear after plan confirmation, as the property revests upon confirmation in the reorganized debtor and is no longer property of the estate. . . .*" *Id.* (emphasis added).

This issue was addressed by the Court *In the Matter of Golf, L.L.C.*, 322 B.R. 874 (Bankr. D. Neb. 2004). In that case, a Chapter 11 debtor moved to sell certain real estate and other assets free and clear of all liens pursuant to 11 U.S.C. § 363(f). The debtor's confirmed plan, however, made no mention of a possible sale. In denying the debtor's motion, the Court explained:

> Generally, Section 363(f) is used by a debtor-in-possession or trustee during the pendency of a bankruptcy case and before confirmation. It allows the debtor to downsize its operation and eliminate non-performing assets. The cases that deal with this section of the Bankruptcy Code are uniform with regard to the invocation of 11 U.S.C. § 363 during the pendency of a case and prior to confirmation. Post-confirmation sales of assets are accomplished pursuant to terms of the confirmed plan, or, since the debtor is generally outside of the jurisdiction of a bankruptcy court within a short period of time after confirmation of a plan, such sales are accomplished pursuant to non-bankruptcy law.
>
> \* \* \*
>
> [T]his court has no continuing jurisdiction with regard to the type of sale that is before the court, because Section 363(f) is not operational once the plan is confirmed.

*Id.* at 877.

In the instant case, the debtor's Chapter 13 plan was confirmed by this Court on August 17, 2010. At that time, the property revested in the debtor and ceased to be property of the bankruptcy estate. The Court cannot now order the property sold free and clear of USAA's lien, where, as in *Golf, L.L.C,* the debtor's confirmed plan made no provision for such a sale.

Further, at hearing, debtor's counsel acknowledged that the proposed purchase price was substantially less than the encumbrances against the property and was insufficient to pay the lienholders in full. "As a general rule, the bankruptcy court should not order property sold 'free and clear of' liens unless the court is satisfied that the sale proceeds *will fully compensate the secured lienholders and produce some equity for the benefit of the bankrupt's estate. In re Riverside Inv. P'ship*, 674 F.2d 634, 640 (7th Cir. 1982). *See also In re Golf, L.L.C*, 322 B.R. at 878; *In re Scherer v. Federal Nat'l Mortgage Ass'n (In re Terrace Chalet Apartments)*, 159 B.R. 821, 826 (N.D. Ill. 1993); *Rouse v. Federal Land Bank Ass'n (In re Rouse)*, 54 B.R. 31, 32-22 (Bankr. W.D. Mo. 1985). Here, the sales terms proposed by the debtor admittedly are insufficient to pay the liens against the property in full and there will be no benefit to the debtor's unsecured creditors.[3] Therefore, even if the property were subject to the jurisdiction of this Court, there is no reason for the Court to approve a sale that does not benefit the debtor's estate.

Accordingly, for these reasons, the debtor's Motion to Sell Property Free and Clear of Liens pursuant to 11 U.S.C. § 363(f) is DENIED. A separate Order shall issue.

ENTERED: October 2, 2014

/s/ Kenneth J. Meyers
_____
UNITED STATES BANKRUPTCY JUDGE

---

[3] From the representations of debtor's counsel at hearing, it appears that the debtor would be the primary beneficiary of the proposed sale. Counsel stated that the debtor "wants to be relieved from the burden of maintaining the property." Apparently, in addition to the unpaid real estate tax liability, the debtor has incurred (and continues to incur) fines and other penalties from the City of Casey due to his failure to maintain the property.